

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:                              Attention: H. M. Webb

                                       Opinion No. 0-3893
                                       Re: Whether Oklahoma mortgage
                                           securing note of $3000 and
                                           made in favor of Commissioners
                                           of the Oklahoma Land Office
                                           requires stamps when filed in
                                           Lipscomb County, Texas.

        We have received your letter of recent date requesting the opinion of this department on the above captioned question.

        No facts are given except those embodied in the question. We will assume that the land in Texas covered by the mortgage is part of the so-called "strip" land which the United States Supreme Court found to be in the State of Texas. (State of Oklahoma v. State of Texas, 281 U. S. 109, 74 L. Ed. 731) We have had a conference with certain officials of the General Land Office of the State of Texas, and from the facts which were made known to us at this conference we will also assume that the Land Office of Oklahoma acted in the capacity of a mortgage company and that the land in question was not public land either of the State of Oklahoma or of the United States Government. Thus, it follows that the $3000.00 is not purchase money due the State of Oklahoma for public land, but is owed to the State in the same manner that any mortgagor owes money to his mortgagee. It, therefore, is unnecessary for us to determine whether the instrument would be subject to the tax if the beneficial interest were owned by the State in its sovereign capacity.

        Article 7047e levies a stamp tax upon obligations of the type of the mortgage under consideration, and exempts only those taken by or on behalf of the United States, the State of Texas, or an instrumentality thereof. It follows

that the mortgage is subject to the tax levied by Article 7047e. However, we call your attention to that part of Section (a) of the Act which reads, ". . . providing further that should an instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; . . ."

If the assumptions that we have made in this opinion are erroneous, please advise us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL.

By

Glenn R. Lewis
Assistant

By

George W. Sparks

GWS:LM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN